# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ABRAMOVITZ**, | : | CIVIL ACTION NO. 1:11-CV-1023 |
| Petitioner | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **WILLIAM SCISM**, | : | |
| | : | |
| Respondent | : | |

## ORDER

AND NOW, this 28th day of September, 2011, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 12), recommending that the Petition for Writ of Habeas Corpus (Doc. 1) be granted in part, and, following an independent review of the record and noting that pro se petitioner filed objections[1] to the report on August 22, 2011 (Doc. 13), and the Court finding Judge Carlson's analysis to be thorough and well-reasoned, and the court finding petitioner's

---

[1] Defendant Arnold Transportation Services, Inc., has moved to strike plaintiff's pro se objections (Doc. 83) on the grounds that they fail to comply with Local Rule 72.3 and that they argue facts not of record. To the extent plaintiff's pro se objections rely on unsworn statements and newly identified documents, defendant Arnold's motion to strike is granted. Simply stated, these pro se objections are based upon extra record assertions and, therefore, fail to comply with Local Rule 56.1 and Fed. R. Civ. P. 56. Nonetheless, in the exercise of caution, the Court has reviewed the remaining pro se objections in context and finds them to be without merit. See note 2 infra.

objections[2] to be without merit and squarely addressed by Judge Carlson's report (Doc. 12), it is hereby ORDERED that:

1. The Petition for Writ of Habeas Corpus (Doc 1) is GRANTED, in part.

2. This matter is REMANDED to the applicable BOP Disciplinary Hearing Officer (DHO) for further disciplinary proceedings that provide Petitioner with adequate and timely notice, and a timely and complete statement of reasons for the agency's actions.

3. The Clerk of Court is directed to CLOSE this matter.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).